UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA M. LORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00527-TWP-MKK |
| | ) |
| LOWE'S HOME CENTER, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Defendant Lowe's Home Center, LLC ("Lowe's") (Filing No. 54). Plaintiff Lisa Lord ("Lord") filed this premises liability action against Lowe's after she slipped and fell in a Lowe's store in Carmel, Indiana. For the following reasons, Lowe's Motion for Summary Judgment is **denied**.

## I.    BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Lord as the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).

The facts of this slip-and-fall case are relatively straightforward and were captured on a video camera inside the Lowe's store. On December 3, 2021, a couple was pushing a shopping cart down the cleaning supplies aisle of a Lowe's store, when one of the cart's wheels deposited dog feces (the "hazard") onto the floor (Ex. 3 ("Video") at 3:05–20; Filing No. 57 (Notice of Manual Filing)). About ten seconds later, another couple, one of them pushing a cart with a tree in it, walks past the hazard, but it is not clear from the video whether they notice it (Video at 3:28–40).

Approximately two minutes later, an unidentified female Lowe's employee is seen pulling a cart around a corner into the aisle with the hazard. *See id.* at 5:30–35. While turning the corner and into the aisle, the employee's cart appears to roll directly over the hazard. *Id.* At this point, something draws the employee's attention back toward the cart, and she briefly looks back before continuing down the aisle. *Id.* at 5:34–36. It is not clear from the video whether the employee observed the hazard when she looked back. At this point, just over two minutes have passed since the hazard was deposited on the aisle floor.

Roughly one minute later, another couple turns onto the aisle and begins walking toward the hazard. One of them is walking, and the other is pushing a flatbed cart with a tree on it. *Id.* at 6:34. As the couple reaches the hazard, they appear to stop and notice it before adjusting their route to walk around it. *Id.* at 6:52–7:05.

Another minute passes and then Lowe's employee Adam Maree ("Maree") begins to walk down the aisle with a different customer, apparently assisting the customer. *Id.* at 8:10. Maree walks over the hazard, notices it, and points it out to the customer accompanying him. Meanwhile, Lord enters the aisle, looking down at her phone as she walks down the aisle towards the hazard. *Id.* at 8:20; (Filing No. 55-2 at 49:4–12).[1] At this point, approximately five minutes have passed since the hazard was deposited on the aisle floor.

About five seconds later, Maree stops and directs the customer with him down another aisle (Video at 8:25). Maree then turns around and begins walking back up the aisle, toward Lord and the hazard. *Id.* at 8:26. Two seconds later, Lord slips on the hazard and falls onto one knee. *Id.* at 8:27. Maree proceeds to assist Lord. *Id.* at 8:28–30. Lord stands back up without assistance, and Maree and Lord look at the hazard together before Maree goes to get supplies to clean it up. *Id.* at

---

[1] The ECF page numbers and deposition page numbers for Lord's deposition do not match (Filing No. 55-2). The Court refers to the original deposition page numbers.

2

8:31. Less than thirty seconds elapsed from the time that Maree entered the aisle to the time Lord slipped and fell.

On March 25, 2022, Lord initiated this action against Lowe's in the Hamilton County Superior Court, alleging that Lowe's failed to exercise reasonable care towards her as a business invitee (Filing No. 1-1). Lowe's removed this action to federal court on March 27, 2023 (Filing No. 1). On January 24, 2025, Lowe's filed its Motion for Summary Judgment, arguing that Maree did not have reasonable time to clean up or warn Lord of the hazard before she slipped and fell and that the hazard was obvious to a reasonable person (Filing No. 54). The parties then filed their response, reply, and surreply briefs (Filing No. 75; Filing No. 87; Filing No. 90). The Motion for Summary Judgment is now ripe for the Court's review.

## II.     LEGAL STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual

allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox Cnty. Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III.     DISCUSSION

Lowe's contends that it is entitled to summary judgment for two main reasons: (1) it did not have reasonable time to correct or warn Lord of the hazard; and (2) the hazard was obvious to a reasonable person. Specifically, Lowe's argues that Maree did not have reasonable time to clean up the hazard after first noticing it, and that Lord would have noticed the obvious hazard had she not been looking down at her phone. The Court addresses each of these arguments in turn.

**A.     Reasonable Time to Correct or Warn**

Establishing the breach of a landowner's duty to an invitee requires proof that the landowner had actual or constructive notice of the premise's condition, which involves an unreasonable risk of harm to the invitee. *See Cruz v. Costco Wholesale Corp.*, 134 F.4th 984, 987 (7th Cir. 2025). *Cruz* explains that actual notice refers to the landowner's awareness of a hazard and failure to remove it whereas constructive notice refers to the failure of a landowner to exercise ordinary care in removing a hazard that has been prevalent for a length of time. *See id.* at 987.

4

Lowe's argues that they did not have actual notice of the hazard until Maree noticed it approximately five minutes after it was deposited on the aisle floor, and just seconds before Lord's fall, denying him a reasonable opportunity to exercise ordinary care (Filing No. 55 at 21). Lord responds that Lowe's also had constructive notice of the hazard because a female Lowe's employee "walked right past the hazardous substance two (2) minutes after it was deposited on the floor and over three (3) minutes before it caused Lord to slip." (Filing No. 75 at 13–14). On reply, Lowe's disputes that it had constructive notice of the hazard because the female employee did not look in the direction of the hazard or come into close contact with it (Filing No. 87 at 9–10).

The Court finds that there is a genuine issue of material fact as to whether the female employee had notice of the hazard. In a motion for summary judgment, the Court views the evidence in a light most favorable to the non-moving party. *See Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th 2018). The video footage shows the female employee emerging from an adjoining aisle pulling a shopping cart (Video at 5:30). While turning the corner onto the main aisleway, the shopping cart appears to come into direct contact with the hazard. *Id* at 5:31–33. The female employee also appears to look back toward the cart and/or the aisle after rolling over the hazard, which a reasonable jury could infer is her noticing the hazard before continuing down the aisle. *See id.* at 5:34–36. Several minutes then passed before Lord fell. Assuming that this female employee had notice of the hazard—which, according to Lowe's, was obvious—Lowe's would have had a reasonable opportunity to cure or warn of the hazard before Lord slipped and fell. Ultimately, a reasonable factfinder might agree with Lowe's that the female employee had no opportunity to see the hazard, but that issue must be resolved by the trier of fact.

Based on the video footage, a reasonable jury could infer that enough time passed between the female employee's observance of the hazard and Lord's fall to have given Lowe's reasonable

time to cure or warn of the hazard. *See Woodrow v. Wal-Mart Stores, Inc.*, No. 17-cv-103, 2019 WL 1489544, at (S.D. Ind. 2019) (finding that a five-minute interval between an employee observing a hazard and an invitee's subsequent slip-and-fall is sufficient to establish constructive notice); *Golba v. Kohl's Dep't Store, Inc.*, 585 N.E.2d 14 (Ind. Ct. App. 1992) (finding that summary judgment is improper in a slip-and-fall case when the determination of a storeowner's actual or constructive notice is unresolved); *Rhodes v. Wright*, 805 N.E.2d 382, 388 (Ind. 2004) (explaining that proximate cause can be established where the defendant's inaction, despite anticipating potential harm, directly led to the injury).

**B.     Obviousness**

Additionally, Lowe's asserts that the hazard was obvious to a reasonable person, citing the actions of other customers who maneuvered around the hazard in the main aisleway (Filing No. 87). However, the Court finds that the obviousness of the hazard in this case is subject to genuine dispute. The evidence in the summary judgment record does not convince the Court that, as a matter of law, the hazard was so obvious that Lowe's must be absolved of liability. Lowe's employee Brad Shover, for example, testified that the hazard looked merely "like a shadow." (Filing No. 87-3 at 180:22–24). And although the hazard is visible on the video footage, it is certainly not apparent upon a first viewing, and one may need to strain or adjust the video's brightness to see it. The brown hazard on Lowe's cement floors is highly distinguishable from obstacles in other cases in which the court has granted summary judgment to defendants. *See Hall v. Menard, Inc.*, No. 21-cv-2932, 2023 WL 6139252, at *7 n.2 (S.D. Ind. Sept. 20, 2023) (describing a four-foot-by-four-foot blue pallet on gray floors); *Darnell v. Wal-Mart Stores, Inc.*, No. 16-cv-2754, 2018 WL 573094, at *3 (S.D. Ind. Jan. 26, 2018) (describing a skid of red bags of dog food on a white floor). The video footage also shows at least one couple who does not appear to notice the hazard, despite rolling their cart directly over it (Video at 3:30–40), and,

6

according to Lowe's, one of its own employees did not notice the hazard when she rolled her cart past it, *id.* at 5:30–40. Further, based on the video footage, the couple who did see the hazard, as well as Maree, saw it only once they were immediately in front of it, cutting against Lowe's obviousness argument. *Id.* at 6:42–7:00, 8:20–22. Thus, a reasonable jury could conclude that the hazard was not obvious to a reasonable person.

## IV.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant Lowe's Motion for Summary Judgment ([Filing No. 54](#)). This matter shall proceed to trial or settlement.

The parties are scheduled for settlement conference on November 18, 2025. This matter remains scheduled for final pretrial Conference on December 10, 2025 and trial on January 5, 2026.

**SO ORDERED**.

Date:   9/30/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert H. Ebbs
GLASER & EBBS
rebbs@glaserebbs.com

Theresa L.D. Ebbs
GLASER & EBBS (Indianapolis)
TEbbs@glaserebbs.com

Kaleb I Hobgood
Plunkett Cooney, PC
khobgood@plunkettcooney.com

Pamela A. Paige
Plunkett Cooney, P.C.
ppaige@plunkettcooney.com